SALINA E. WAFFORD, Wife, &c. v. J. W. WAFFORD, et al.

A defendant cannot be allowed to object on appeal, that a supplemental petition was inadmissible, because it changed the character of the original demand, when no exception was taken in the Court *a quo*.

An objection to the admissibility of testimony will not be noticed in the Supreme Court, when no exception was taken in the District Court.

APPEAL from the District Court of St. Mary.

*J. W. Walker*, for plaintiff. *Olivier & Gibbon*, and *Connelly*, for defendant and appellant.

LEA, J. The litigation in this case arises out of the conflicting claims of the heirs of *W. W. Wafford*, upon the succession of their father.

The heirs and representatives of the first wife of the deceased, sue the heirs of the second wife, for the partition of his succession, alleging a fraudulent sale of all the property and effects belonging to the deceased, to *J. N. Wafford*, one of his sons, for the purpose of defeating the just rights of the plaintiffs in his succession. They ask that the said sale to the said *J. N. Wafford*, be set aside and annulled, and that he be compelled to account for the fruits and revenues arising therefrom, and that a partition thereof be made according to law. In a supplemental petition, the plaintiff alleges that the stipulated price of the property sold as above stated, was donated to the heirs of the second wife, in the following proportions, viz:

| | |
|---|---|
| To *Josephine Wafford*, the sum of - - - - | $8,000 |
| To *Tellina*, wife of *D. C. Wallis*, - - . - | 4,250 |
| To *Irene*, - - - - - - - - - | 4,500 |

They further aver that the defendant, *J. N. Wafford*, was favored in the purchase sought to be annulled, to the extent of $12,000, that being the difference between its real value and the price paid by the vendee, which several sums the said defendants should be held to collate respectively in the partition prayed for, if the sale should be maintained and not set aside as a nullity. It is not material to recapitulate all the pleadings, except so far as it may be necessary to refer to them as affecting the issue presented on appeal. After a trial had, the District Judge decreed that the sale from *William W. Wafford* be declared valid, and that a partition be made in the mode prescribed by law, based upon collations set forth in the reasons for judgment as follows, viz:

*James N. Wafford*, in the sum of $4442 13-100; the representative of *Josephine Wafford*, in the sum of $8,000; *Tellina Wafford*, in the sum of $8564 75, it appearing that the said *Tellina* had received the share intended by her father for her sister, *Irene*. No judgment was rendered against *Irene*, inasmuch as she answers, when interrogated under oath, that she received no part of the price thus set apart for her.

From this decree, *Tellina Wafford*, wife of *C. C. Wallis*, has alone appealed. It is, therefore, unnecessary to examine the merits of this decree, ex-

cept so far as the appellant is affected thereby. She complains that she has been condemned to collate a sum which, in her answers given under oath, she admits she received, on the following grounds :

1st. That the supplemental petition was inadmissible, because it changed the substance of the original demand.

2d. That the evidence on which the judgment was based, was irrelevant and inadmissible under the pleadings, as they stood on the day when the evidence was taken.

3d. That the judgment gives more than the petition calls for.

On the first point it may be sufficient to say, that no exception was filed to the supplemental petition, the objection ; therefore cannot be considered on appeal.

As respects the objections to the irrelevant and inadmissible character of the evidence, it does not appear from any bill of exceptions that objection was made to the introduction of the evidence; and so far from being irrelevant, it is conclusive upon the subject matter, with reference to which it was offered ,to-wit: the amount received by the defendant from her father.

As respects the third objection urged, that the judgment was for a larger amount than that claimed in the petition, it appears that the answers to the interrogatories upon which the judgment was based, were filed in Court nearly a year prior to the rendition of the judgment. There was ample time, therefore to amend the pleadings before the trial of the case, and had the pleadings set forth a demand for the increased sum shown to have been received by the appellant, she might have been prepared to show, that, at the time of trial, or before the receipt of the money was made the basis of a claim against her, she had paid it over to her sister, and was no longer chargeable with it in the proceedings for a partition.

Nevertheless, as the proceedings in partition are undetermined until the final decree of homologation, we think the equity of the case may be attained by remanding it for further proceedings, reserving to the plaintiffs the right to amend their pleadings, by setting up a claim for the additional amount allowed in the decree.

It is, therefore, ordered that the judgment appealed from, be reversed, so far as it effects the rights of the appellant, and not otherwise ; that there be judgment as between the parties litigant herein, decreeing that the defendant, *Tellina Wafford*, be ordered to collate the sum of $4,200, in the partition to be made between the heirs of *W. W. Wafford*, as prayed for in the plaintiff's petition, and that the case be remanded for further proceedings to be had thereon, according to law, reserving to the plaintiffs the right to claim from the appellant, by amended petition, the additional sum of $4,500, specified in the answers of the appellant, as the amount of a note received by her for her sister, *Irene*.

It is further ordered that the costs incurred in the District Court, incident to this litigation, be paid by the appellant, and the costs incident to this appeal be paid by the appellee.